IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNE E. EWBANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-1181-K |
| | § | |
| CHOICEPOINT INC., | § | |
| | § | |
| Defendant and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FIELDGLASS, INC., | § | |
| | § | |
| Third-Party Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant ChoicePoint Inc.'s Motion for Summary Judgment, filed November 19, 2007. No response to the motion was filed. After review and consideration of the motion, summary judgment evidence, and the applicable law, the court **grants** the motion.

I.   **Factual and Procedural Background**

On July 21, 2006, Third-Party Defendant Fieldglass, Inc. ("Fieldglass") offered employment to Plaintiff Anne Ewbank ("Ewbank") as a sales representative. The employment offer to Ewbank was contingent upon the results of a criminal background check. Fieldglass contacted Defendant ChoicePoint Inc. ("ChoicePoint") to have the

1

criminal background check run. ChoicePoint reported the results of its investigation to Fieldglass on July 26, 2006, stating that Ewbank had been convicted for possession of a controlled substance.

On July 28, 2006, ChoicePoint emailed Fieldglass and informed it that the charge against Ewbank for possession of a controlled substance had been dismissed in 2001. On that same day, Fieldglass sent Ewbank a letter notifying her that it was withdrawing its conditional offer of employment based in whole or in part upon information contained in the report from ChoicePoint. Fieldglass' letter to Ewbank gave her until August 4, 2006 to provide evidence that ChoicePoint's report was incorrect; otherwise, it would formally withdraw its employment offer.

After receiving Fieldglass' letter, Ewbank contacted ChoicePoint and asked it to correct the information in the report. ChoicePoint then reinvestigated the matter and sent Ewbank a copy of the corrected report on August 2, 2006. The updated report did not contain any reference to a conviction for possession of a controlled substance. Despite ChoicePoint's correction of the report, Fieldglass permanently withdrew its offer to Ewbank.

Ewbank sued ChoicePoint in state court in May 2007, bringing claims for tortious interference with prospective business relations, tortious interference with an existing contract, defamation, negligence, and deceptive trade practices. Ewbank's pleading also alleges, albeit vaguely, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681, *et seq.,* the Texas Business & Commerce Code, § 20.01, *et seq.,* and the Texas Finance Code, § 391.001, *et seq.* ChoicePoint removed the case to this court on June 29, 2007, and now moves for summary judgment on all of Ewbank's claims, contending that she can not set forth sufficient evidence raising a genuine issue of material fact, and that it is therefore entitled to judgment as a matter of law.

### II. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

### III. ChoicePoint's Motion for Summary Judgment

On summary judgment, ChoicePoint contends that all of Ewbank's claims are without merit and should be dismissed. The court will address each claim below:

#### A. Defamation and Negligence

ChoicePoint asserts that both of these state law claims are preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Under the FCRA, state law negligence and defamation claims are preempted unless the plaintiff consumer proves "malice or willful intent" to injure. 15 U.S.C. § 1681h(e); *Young v. Equifax Credit Information Svcs., Inc.,* 294 F.3d 631, 638 (5th Cir. 2002); *Carlson v. Trans Union, LLC,* 261 F. Supp.2d 663, 664 (N.D. Tex. 2003). Here, Ewbank has presented no evidence that ChoicePoint had the requisite malice or willful intent to injure her. Therefore, she cannot escape preemption, and the court must determine whether ChoicePoint has violated the FCRA.

#### B. Fair Credit Reporting Act ("FCRA")

The FCRA requires consumer reporting agencies "to assure maximum possible accuracy" of the information they report. 15 U.S.C. § 1681e(b). When a reporting agency such as ChoicePoint receives a complaint from a consumer regarding inaccurately reported information, it has 30 days to reinvestigate the matter to determine whether the disputed information is inaccurate, and delete any such inaccurate information from the consumer's file. 15 U.S.C. § 1681i(a)(1)(A).

4

ChoicePoint has set forth summary judgment proof showing that after discovering inaccurate information in its initial report, it corrected that report two days later and forwarded that information to Fieldglass. It has also shown that upon receiving Ewbank's inquiry shortly thereafter, even though it had already corrected the misinformation, it promptly reinvestigated the matter and forwarded to Ewbank the corrected copy of the report. Ewbank has not disputed any of this evidence. Even when this evidence is viewed in the light most favorable to her, Ewbank has failed to raise a genuine issue of material fact as to any alleged violation of the FRCA by ChoicePoint. ChoicePoint is entitled to summary judgment on this claim.

### C. Tortious Interference

ChoicePoint also moves for summary judgment on Ewbank's claims of tortious interference with prospective business relations and an existing contract. The elements of a claim for tortious interference with prospective business relations are 1) a reasonable probability that the parties would have entered into a contractual relationship; 2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; 3) the defendant acted with a conscious desire to prevent the relationship from occurring, or it knew that the interference was certain or substantially certain to occur as a result of his conduct; and 4) the plaintiff suffered actual harm or damage as a result of the defendant's interference. *RAJ Partners, Ltd. v. Darco Construction Corp.,* 217 S.W.3d 638, 649 n.10 (Tex. App. – Amarillo 2006, no pet. h.); *Richardson-*

*Eagle, Inc. v. Wm. M. Mercer, Inc.,* 213 SW.3d 469, 475 (Tex. App. – Houston [1st Dist.] 2006, rev. denied). A claim of tortious interference with a contract is established by showing 1) the existence of a contract subject to interference; 2) a willful and intentional act of interference; 3) such act was a proximate cause of damage; and 4) actual loss or damage occurred. *Fluorine on Call, Ltd. v. Fluorogas Ltd.,* 380 F.3d 849, 864 (5th Cir. 2004); *ACS Investors, Inc. v. McLaughlin,* 943 S.W.2d 426, 430 (Tex. 1997).

Seeking summary judgment on these claims, ChoicePoint asserts that Ewbank has not set forth any proof that it acted intentionally to interfere with a contract or prospective business relations. The court agrees. There is no evidence that in reporting, and then correcting, the information requested by Fieldglass, ChoicePoint intentionally reported the incorrect information that presumably cost Ewbank her job opportunity. The court will enter summary judgment for ChoicePoint on these claims.

### D. Deceptive Trade Practices Act ("DTPA")

Ewbank also brings a claim under the DTPA, Tex. Bus. & Com. Code § 17.01, *et seq.* The elements of a DTPA action are 1) the plaintiff is a consumer; 2) the defendant engaged in false, misleading, or deceptive acts, and 3) these acts constituted a producing cause of the consumer's damages. Tex. Bus. & Com. Code § 17.50(a)(1); *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex. 1995). ChoicePoint argues that Ewbank cannot establish a DTPA claim because she is not a consumer under the statute. To be a "consumer" as defined by the DTPA, an individual must seek or acquire goods

or services by purchase or lease, and the goods or services purchased or lease must form the basis of the complaint. Tex. Bus. & Com. Code § 17.45(4); *Melody Home Mfg. v. Barnes,* 741 S.W.2d 349, 351-52 (Tex. 1987); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 539 (Tex. 1981).

Here, it is undisputed that Fieldglass was the purchaser of the goods or services – the criminal records check regarding Ewbank – from ChoicePoint. Although the results of that check could possibly have cleared the way for the hiring of Ewbank by Fieldglass, the court finds that Ewbank is not a consumer, and is at most an incidental beneficiary of the transaction between Fieldglass and ChoicePoint. Fieldglass obtained services from ChoicePoint in order to confirm whether Ewbank had a criminal record. That Ewbank may have benefitted, or been damaged, by the conduct of ChoicePoint in providing those services does not make her a consumer under the DTPA. *Rivera v. South Green Ltd. Partnership,* 208 S.W.3d 12, 21-22 (Tex. App. – Houston [14th Dist.] 2006, no pet. h.); *Vinson & Elkins v. Moran,* 946 S.W.2d 381, 408 (Tex. App. – Houston [14th Dist.] 1997, writ dism'd). Ewbank has failed to raise a genuine issue of material fact showing that she is a consumer as required by the DTPA. Thus, this claim must be dismissed.

   **E. Tex. Bus. & Com. Code § 20.06**

Ewbank has also alleged a vague claim under Tex. Bus. & Com. Code § 20.06. This statute establishes procedures that consumer reporting agencies must follow in responding to consumer complaints. Specifically, the relevant portion of the statute

provides that if the accuracy of information contained in a consumer's file is disputed by the consumer, the consumer reporting agency shall reinvestigate the disputed information free of charge and record the current status of the information within 30 business days. Tex. Bus. & Com. Code § 20.06(a). Where inaccurate or unverifiable information is discovered after a reinvestigation under subsection (a), the agency must promptly delete that information from the file and provide the revised report to the consumer. *Id.* at § 20.06 (d). In the instant case, the summary judgment record shows that ChoicePoint had already corrected the inaccurate information in Ewbank's file, but still reinvestigated at her request and provided her with a copy of the updated information within 30 business days of her complaint. Ewbank has produced no evidence to dispute these facts. Accordingly, ChoicePoint is entitled to summary judgment on this claim.

    F.   Texas Finance Code

Finally, Ewbank has asserted a claim under the Texas Finance Code. To establish an offense under this statute, Ewbank must show that ChoicePoint knowingly provided false information regarding her creditworthiness, credit standing, or credit capacity. Tex. Fin. Code § 391.002(b). ChoicePoint argues that summary judgment is appropriate because it did not furnish inaccurate credit information regarding Ewbank to Fieldglass. Rather, it provided criminal background information. Ewbank has not controverted this evidence on summary judgment. The court further notes that there is no evidence in the

8

record suggesting that ChoicePoint knowingly furnished false information. Accordingly, this claim must also be dismissed on summary judgment.

**IV.    Conclusion**

For the foregoing reasons, ChoicePoint's Motion for Summary Judgment is **granted**, and Ewbank's claims against it are **dismissed with prejudice.** Judgment will be entered by separate document.

**SO ORDERED.**

Signed March 11th, 2008.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE